UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KEITH ALLEN RICKETT,

                                Plaintiff,

              - against -

COLONEL ORSINO, *et al.*,

                                Defendants.
------------------------------------------------------------------------x

10-CV-5152 (CS) (PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

      Before the Court are Plaintiff Keith Allen Rickett's Objections, (Doc. 121), and Defendant Sergeant Earle Smith Jr.'s Objections, (Doc. 122), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated February 20, 2013, (Doc. 120), recommending that summary judgment be granted dismissing all claims except Plaintiff's claims for excessive force and First Amendment retaliation against Defendant Smith.[1] Familiarity with the claims, prior proceedings, the R&R, the standards governing summary judgment, and the issues presented is presumed.

I.    Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2);

---

[1] Defendants Cox, Kirms and Neiger have filed a Memorandum of Law in Response to Plaintiff's Objections, (Doc. 128).

-1-

*accord* 28 U.S.C. § 636(b)(1)(C).  A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[2]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

    The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted).

---

    [2]    Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

"Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.     Discussion

    A.  Plaintiff's Objections

Plaintiff contends that the Eighth Amendment claims against Defendants Smith and Marie Kirms arising from the alleged compelled forgery should go forward, arguing that his objection to being forced to falsify documents led to the other claims, and that therefore his health and safety was jeopardized as a result of the compelled forgery.  The fact remains, however, that – as Magistrate Judge Davison found – the alleged compelled forgery did not itself jeopardize Plaintiff's health or safety, or otherwise rise to the level of a "sufficiently serious" deprivation that amounts to a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).  That the alleged compelled forgery is alleged to have motivated other deprivations does not take the forgery itself above that threshold.  Reviewing this objection *de novo*, I agree with Judge Davison that summary judgment is appropriate on the compelled forgery claim.

Plaintiff next objects that summary judgment should not have been recommended on the claim against Smith for deprivation of medical treatment, apparently contending that Judge Davison should not have, in the absence of a diagnosis or documentation of Plaintiff's injuries, concluded that the alleged injuries were not sufficiently serious.  But Judge Davison accepted Plaintiff's own account of those injuries, and Plaintiff suggests no reason why Judge Davison

-3-

was not justified in doing so. Accordingly, upon *de novo* review, I concur with Judge Davison's approach. Taking the evidence as Plaintiff advanced it, Judge Davison correctly found that the injuries did not rise to the level of a serious medical need under the case law interpreting the objective prong of an Eighth Amendment claim based on deliberate indifference to medical need. Plaintiff does not address that standard or argue that the Magistrate Judge misconstrued it, so I review that aspect of the R&R for clear error, and find none. Even if I were to review the matter *de novo*, I would concur that summary judgment is properly granted on the medical treatment claim for failure to allege sufficiently serious injuries.

Next Plaintiff argues that the claim that his rights under Eighth Amendment were violated by his being forced to wear an elf costume and endure verbal abuse at a holiday party should go forward. He contends that he would have been assaulted had he refused. This sheer speculation cannot support a claim under the Eighth Amendment. Plaintiff does not address Judge Davison's conclusion that the conduct alleged does not rise to the level of a constitutional violation within the meaning of 42 U.S.C. § 1983, and I thus could review the matter only for clear error. Nevertheless, in an excess of caution, I review it *de novo*, and I concur with Judge Davison's conclusion that summary judgment on the elf costume/holiday party claim is appropriate.

Plaintiff next contends that summary judgment should have been denied as to Smith on the claim regarding interference with Plaintiff's access to the prison grievance procedure. Summary judgment was indeed denied as to the claim that Smith interfered with Plaintiff's access in retaliation for Plaintiff's protected speech. With respect to a potential stand-alone interference claim, Plaintiff does not address Judge Davison's conclusion that inmate grievance procedures are not constitutionally required and thus deprivation of access to them, standing

alone, cannot support a claim under Section 1983. I thus review that conclusion for clear error, and find none. Indeed, even I were reviewing *de novo*, I would concur with Judge Davison that summary judgment is appropriate as to any stand-alone claim for interference with grievance procedures.

      B.      <u>Defendant Smith's Objections</u>

Defendant Smith first objects to Judge Davison's decision not to grant summary judgment on Plaintiff's claim that he was subjected to excessive force in the form of physical assaults by Smith. Smith argues that Plaintiff's statements about such alleged assaults are so contradictory and implausible as to be incredible as a matter of law. In support of that argument, Defendant advances the same arguments made to Judge Davison, and except for attempting to distinguish the cases he cites,[3] does not address the substance of Judge Davison's reasoning in concluding that Plaintiff's versions of the events are not so wholly contradictory, and plausible explanations for the inconsistencies not so absent, that Plaintiff's testimony may be disregarded as a matter of law. Accordingly, I may review for clear error, and find none.

Even if I were reviewing under a *de novo* standard, I would not find that this is one of the very rare cases where a he-said/he-said dispute can be resolved on summary judgment, essentially for the reasons set forth by Judge Davison. That Plaintiff's story is farfetched does not mean that I can find it false as a matter of law. I understand Defendant's frustration that the

---

[3] While the plaintiffs in those cases may have had some, even slight, corroborating evidence that Plaintiff here lacks, it does not follow that Plaintiff's statements here are "so self-contradictory or implausible as to rule out granting them any weight whatsoever." *D'Attore v. N.Y.C. Dep't of Corr.*, No. 10-CV-815, 2012 WL 4493977, at *10 (S.D.N.Y. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 5951317 (S.D.N.Y. Nov 28, 2012).

word of a plaintiff of dubious veracity is sufficient to require a trial, but in this great country juries, not judges, decide questions of credibility.[4]

Defendant Smith also objects to Magistrate Judge Davison's finding that a trial is required on the First Amendment retaliation claims against him. Repeating what he argued to the Magistrate Judge, he contends that Plaintiff's allegations are wholly conclusory and incredible. I therefore review for clear error, and find none. As to the allegations being incredible, Judge Davison did not, as discussed above, clearly err in concluding that Plaintiff's version is not so wholly and inexplicably contradictory that nobody could believe it. As to the allegations being conclusory, they are not. Rather, if Plaintiff is believed – a decision that, as discussed above, I cannot make – his testimony could support a finding against Defendant.

Plaintiff alleges that after he refused to forge paperwork, a BOCES employee summoned Smith, who threatened to assault Plaintiff, whereupon Plaintiff told Smith he wished to file a

---

[4] Defendant's contention that summary judgment on the compelled forgery claim compels summary judgment on the assault claim is entirely without merit. Defendant highlights Judge Davison's finding, in connection with the compelled forgery claim, that Plaintiff "has failed to show that his health or safety was in any way jeopardized as a direct consequence of" his participation in the alleged scheme, and "does not contend that he was subjected to any adverse consequences as a result of his participation." (R&R at 21.) Based on this language, Defendant contends that because Plaintiff alleges that the assault was retaliation for his attempts to not participate in and/or expose the alleged forgery, Judge Davison by definition found that Plaintiff's health and safety was also not jeopardized by the alleged assault. Defendant's argument rests on a distortion of Judge Davison's language. The only rational reading of the quoted language is that processing the allegedly fraudulent paperwork did not *itself* injure Plaintiff's health or safety or *itself* lead to punishment (in other words, punishment for fraud). That language cannot reasonably be interpreted to mean that Plaintiff's attempts to avoid participation in the alleged scheme or expose it did not lead to any consequences, or did not lead to an assault in retaliation for those attempts. Under Plaintiff's theory the assaults were not retaliation for his participation in the scheme but rather for his attempts to undermine it, so there is nothing inconsistent between finding that the participation itself did not lead to consequences but the attempts to avoid participation or expose the scheme did. In other words, an assault in retaliation for efforts to avoid or expose the scheme would be an *indirect* consequence of participation in the underlying alleged fraud.

grievance, whereupon Smith assaulted Plaintiff, told him that a grievance would not help him, and said that if Plaintiff pursued his complaint he would get life in prison.  A jury may well not believe that account, but if it did, those facts would support a claim that Smith assaulted Plaintiff at least in part to retaliate for Plaintiff's attempt to exercise his First Amendment right to express himself by filing a grievance.  Likewise, Plaintiff alleges that he saw on Smith's desk a letter Plaintiff had written to his aunt asking for help in exposing the alleged forgery scheme, and that Smith later threatened to kill Plaintiff if he wrote again, assaulted him, and tore up the letter.  A jury may well not believe Plaintiff, but if it did, those facts would support a claim that Smith retaliated against Plaintiff for exercising his First Amendment rights by writing the letter.  Thus, Plaintiff's claims may be uncorroborated, but they are not conclusory.[5]

Defendant points out that retaliation claims may be easily fabricated, and thus should be viewed with skepticism.  *See Shabazz v. Pico*, 994 F. Supp. 460, 467-68 (S.D.N.Y. 1998) (Sotomayor, J.).  This argument was not presented to Judge Davison, and that fact alone might be reason to disregard it.  *See Amadasu v. Ngati*, No. 05-CV-2585, 2012 WL 3930386, at *5-6 (E.D.N.Y. Sept. 9, 2012) (summarizing arguments for declining to consider, via objection to R&R, arguments not raised before Magistrate Judge) (collecting cases).

Further, this case differs from *Shabazz*, on which Plaintiff relies.  There Plaintiff said in wholly conclusory fashion that Defendants retaliated against him for his litigation and refusal to submit to a pat-frisk, but offered no facts connecting the speech with the retaliation.  *See* 994 F.

---

[5] I am not persuaded by Defendant's argument that Plaintiff must be lying about the letter, and about a grievance he says he sent before the confrontation with Smith, because neither the letter nor the grievance are documented in the Jail's files.  The absence of such a record is not conclusive because the allegation is that the letter was intercepted and diverted outside of normal channels at the Jail, and because Plaintiff allegedly intentionally sent the grievance outside those channels to avoid the usual procedures.

Supp. at 468. Here Plaintiff offers facts that, if accepted by the jury, would connect the protected expression to the retaliation: Smith's explicit reference, during the alleged assaults, to the grievance and the letter.

Finally, this is not a situation where heightened skepticism of the retaliation claims might allow Defendant to avoid trial altogether. Here there will be a trial on whether Smith assaulted Defendant, whether or not the claims that the assaults were retaliation for speech are also tried. The case law suggesting heightened skepticism for retaliation claims seems to be based, at least in large part, on the concern that such easily fabricated claims could require Defendants to unnecessarily undergo costly discovery. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Presumably similar concerns arising from a costly trial would animate heightened skepticism at the summary judgment stage. But here the costly trial must occur anyway, so the rationale for the heightened skepticism is at least watered down.

Accordingly, even upon *de novo* review I would concur with Judge Davison that summary judgment is appropriately denied as to the First Amendment retaliation claims.

C.      Remaining Issues

I have reviewed for clear error the portions of the R&R as to which no objection was raised, and find no error, clear or otherwise.

Conclusion

I adopt the thorough and carefully reasoned R&R as the decision of the Court. Summary judgment is granted as to all claims except for the Eighth Amendment claim against Smith arising out of the alleged physical assaults, and the First Amendment retaliation claims against Smith relating to interference with Plaintiff's mail and interference with his attempt to file a grievance.

The Clerk of Court is respectfully directed to terminate the pending motions (Docs. 76, 87).

The parties are to participate in a status conference on May 3, 2012, at 9:30 a.m.

**SO ORDERED.**

Dated: March 21, 2013
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.